Jamal KALKOULI, Petitioner,

v.

John ASHCROFT, Attorney General of the United States [1] and United States Immigration and Naturalization Service, Respondents.

No. 00–4145.

United States Court of Appeals, Second Circuit.

Argued Dec. 13, 2001.

Decided March 1, 2002.

---

1. John Ashcroft became the United States Attorney General, effective February 2001, to succeed Janet Reno. Under Fed.R.Civ.P. 25(d)(1), Ashcroft is automatically substituted as a defendant in this action.

[redacted]

Mark T. Kenmore, Buffalo, NY, for petitioner.

Megan L. Brackney, Assistant United States Attorney, New York, NY; Mary Jo White, United States Attorney for the Southern District of New York, Kathy S. Marks and Jeffrey S. Oestericher, Assistant United States Attorneys, on the brief, for respondents.

Before POOLER, SOTOMAYOR, and B.D. PARKER, Jr., Circuit Judges.

PER CURIAM.

Petitioner Jamal Kalkouli asks this Court to review a decision by the Board of Immigration Appeals (BIA) denying his application for suspension of deportation. Petitioner's deportation proceedings commenced on May 18, 1995, and the BIA issued the final order of deportation on June 12, 2000. The BIA denied the application upon finding that petitioner had failed to demonstrate that his deportation would result in "extreme hardship" pursuant to the Immigration and Nationality Act (INA) § 244(a), *codified at* 8 U.S.C. § 1254(a) (1994). Respondents contend that this Court lacks jurisdiction to hear the petition and review the BIA's order. We agree.

This case involves the interaction of two statutes, neither of which remains in effect today. INA § 244(a), which has since been repealed, empowers the Attorney General to suspend deportation of an alien who:

> (1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; *and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship* to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1254(a) (1994) (repealed 1997) (emphasis added). Under this provision, the Attorney General may suspend deportation upon finding, among other things, that an alien has demonstrated "extreme hardship." The parties agree that this provision applies to the instant case because petitioner's removal proceedings commenced in May 1995—before the effective date of the repeal of this statute.

Also governing the case is the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) § 309(c)(4)(E), 110 Stat. 3009–624 (1996). This section, included as part of the IIRIRA transitional rules, applies to cases initiated before April 1997 in which the final order of deportation is filed after October 30, 1996. *Henderson v. INS*, 157 F.3d 106, 117 (2d Cir.1998). Section 309(c)(4)(E) provides that "there shall be no appeal of any discretionary decision" made pursuant to certain provisions of the INA, including § 244.

Petitioner argues that the decision as to whether an alien is eligible for suspension of deportation by reason of extreme hardship is not a "discretionary decision," and

thus the appeal of this decision is not barred by IIRIRA § 309(c)(4)(E). Petitioner contends that, unlike the unreviewable, discretionary decision whether to grant suspension of deportation, the preliminary determination regarding extreme hardship is of a fact-based, evidentiary nature and is therefore reviewable. Petitioner, therefore, asks us to reverse the BIA's finding of extreme hardship and remand consideration of the ultimate issue of suspension to the BIA.

We reject petitioner's contention as plainly inconsistent with the language of the INA. INA § 244(a) gives the Attorney General the power to suspend deportation for "a person whose deportation would, *in the opinion of the Attorney General,* result in extreme hardship." 8 U.S.C. § 1254(a) (emphasis added). This language clearly entrusts the decision to the Attorney General's discretion.

Petitioner's reliance on *Blanco v. INS,* 68 F.3d 642 (2d Cir.1995), only weakens his position further. True, in *Blanco* we reversed a BIA determination on the question of "extreme hardship" as an abuse of discretion. *Id.* at 647–48. But that is precisely the point: The BIA's decision was deemed a matter of *discretion. Blanco* predated the IIRIRA amendments of 1996, which subsequently barred appellate review of such discretionary decisions. Applied to the post-IIRIRA statutory scheme, *Blanco* indicates that the BIA's decision on the question of "extreme hardship" is a "discretionary decision."

We hold that the determination as to whether an alien is eligible for suspension of deportation by reason of extreme hardship is a discretionary decision under § 309(c)(4)(E) of the IIRIRA transitional rules and therefore may not be appealed to this Court. This conclusion is consistent with the findings of every circuit that has confronted the issue. *See Ramirez–Ale-jandre v. Ashcroft,* 276 F.3d 517, 518 (9th Cir.2002); *Najjar v. Ashcroft,* 257 F.3d 1262, 1297–98 (11th Cir.2001); *Rodriguez v. Ashcroft,* 253 F.3d 797, 799 (5th Cir. 2001); *Escalera v. INS,* 222 F.3d 753, 755 (10th Cir.2000); *Bernal–Vallejo v. INS,* 195 F.3d 56, 63 (1st Cir.1999); *Skutnik v. INS,* 128 F.3d 512, 514 (7th Cir.1997).

For the reasons stated, we lack jurisdiction to entertain this petition for review. The petition is dismissed.