**Qi Hang GUO, Petitioner,**

**v.**

**U.S. DEPT. OF JUSTICE, Attorney General Gonzales Respondent.**

**Docket No. 03–4164.**

United States Court of Appeals, Second Circuit.

Sept. 7, 2005.

See also 422 F.3d 61.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

James T. Brooks, Assistant United States Attorney, Eastern District of Tennessee, Knoxville, Tennessee (Harry S. Mattice, Jr., United States Attorney, on the brief)., for Respondent.

Present: WESLEY, HALL, Circuit Judges, and TRAGER, District Judge.[1]

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of September, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the Petition for Review is GRANTED in part and DENIED in part. Accordingly, the order of the Board of Immigration Appeals is VACATED in part, and the case is REMANDED for proceedings consistent with the *per curiam* opinion issued simultaneously and this summary order.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner principally raises four claims on appeal: that the Board of Immigration Appeals ("BIA") and the Immigration Judge ("IJ") (1) erroneously concluded that petitioner was not credible as grounds for denying his asylum and withholding of removal applications and (2) erred in finding that neither petitioner nor his son would suffer "extreme hardship" if petitioner were deported. Petitioner also claims that (3) the BIA abused its discretion in refusing to consider untimely filed appellate briefs and supporting documents and (4) the BIA erred in refusing to consider Guo's motion to apply for relief pursuant to the United Nations Convention Against Torture, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 14 U.N.T.S., 8 C.F.R. § 208.16 (2000) ("CAT"). The last argument we address in our *per curiam* opinion.

 Petitioner's first two claims of error lack merit. We review credibility determinations deferentially. Generally, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. United States Immigration & Naturalization Serv.,* 386 F.3d 66, 73–74 (2d Cir.2004). Here, the IJ found petitioner not credible based upon several portions of petitioner's testimony, petitioner's demeanor, inconsistent statements regarding petitioner's income as reported on tax returns, and inconsistencies between petitioner's asylum application and his testimony before the IJ. Based upon this record evidence, we cannot con-

---

clude that the IJ erred in finding petitioner not credible.

■ The BIA denied petitioner's claim for suspension of deportation on two grounds—that petitioner was not a person of "good moral character" within the meaning of the statute and that petitioner's circumstances did not amount to "extreme hardship." We lack jurisdiction to review the determination that petitioner's deportation would cause "extreme hardship" necessary to support the remedy of suspension of deportation. *See Kalkouli v. Ashcroft*, 282 F.3d 202, 204 (2d Cir.2002); *see also Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir.2005). As such, we can afford petitioner no relief on this ground. Because the discretionary "extreme hardship" finding is one of three statutory prerequisites to suspension of deportation relief and because we lack jurisdiction to review the BIA's determination of extreme hardship, we need not review the BIA's adverse "good moral character" determination.

■ Petitioner's claim that the BIA abused its discretion in failing to review untimely appellate briefs and documents submitted by him must also fail. Although petitioner asserts that the BIA never considered the untimely submitted documents, on July 12, 1999, the BIA denied petitioner's motion to submit an untimely appellate brief for failure to show compelling circumstances and stated it would not consider any motions to "accept the late filed brief in this matter." On May 21, 2002, petitioner filed another late appellate brief and supporting documents. This brief contained arguments related to petitioner's CAT claim. Insofar as those documents related to petitioner's claims for asylum, withholding of removal, and suspension of deportation, the BIA committed no error. We note that because we are vacating the BIA's order in part as it relates to peti-

tioner's attempt to apply for CAT relief and remand that portion of his case, petitioner should have the opportunity to submit documents relevant to his CAT claim that the BIA refused to consider when it incorrectly concluded that his motion to apply for CAT relief was untimely. *See per curiam slip. op.* at 6–7.

Accordingly, for the reasons set forth above and in our *per curiam* opinion, the order of the BIA is VACATED in part as it relates to petitioner's CAT claim. IT IS HEREBY ORDERED that the Petition for Review is GRANTED in part as it relates to petitioner's CAT claim and DENIED in part in all other respects. Accordingly, the case is REMANDED for proceedings consistent with this summary order and the *per curiam* opinion issued simultaneously with it.