**Maria SIMONINA, Andrei Burik, Petitioners,**

v.

**Alberto R. GONZALES,\* Respondent.**

**Nos. 03–4753–AG(LEAD), 03–4757(CON).**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for his

Debra W. Yang, United States Attorney for the Central District of California, (Sharla Cerra and Leon W. Weidman, Assistant United States Attorneys, on the brief), Los Angeles, California, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square in the City of New York, on the 21st day of December, two thousand and five.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED IN PART and GRANTED IN PART and the case is REMANDED for further proceedings.

Maria Simonina and Andrei Burik ("the Petitioners") petition for review of an order of the BIA affirming an order of an immigration judge ("IJ") denying their applications for asylum and withholding of deportation, denying Simonina's application for suspension of deportation, denying Simonina's motion for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), and ordering them deported to Ukraine. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

---

predecessor, John Ashcroft, as a respondent in this case.

This Court reviews the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000). The IJ and BIA improperly found that the Petitioners had failed to establish a well-founded fear of future persecution due to changed country conditions because the IJ's decision was merely supported by his conclusion that the Petitioner's claims were "stale" and a footnote regarding country conditions. *See, e.g., Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005) ("Despite our generally deferential review of IJ and BIA opinions, we require a certain minimum level of analysis from the IJ and BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). The IJ failed to assess the Petitioners' credibility, failed to acknowledge that the Petitioners' had separate grounds to establish their respective asylum and withholding of deportation applications, and failed to provide a meaningful analysis of country conditions. Therefore, we remand this case for further proceedings to allow the BIA to reconsider the Petitioners' asylum and withholding of deportation applications. Accordingly, the Court need not address the Petitioners' Due Process argument.

Since this Court does not have jurisdiction to review the IJ's assessment of extreme hardship, we affirm the IJ's and BIA's decision denying Simonina's application for suspension of deportation. *See Kalkouli v. Ashcroft,* 282 F.3d 202, 204 (2d Cir.2002) (holding that review of a suspension of deportation claim was subject to jurisdictional bar because the "extreme hardship" determination was "entrust[ed] . . . to the Attorney General's discretion").

Finally, the BIA did not abuse its discretion in denying Simonina's motion to remand for consideration of relief under NACARA because Simonina filed her motion well after the September 11, 1998, deadline to apply for NACARA relief. *See* 8 C.F.R. § 343(c)(1).

We DENY the petition for review in part and GRANT the petition for review in part and REMAND for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).