SUMMARY ORDER
Jin Hua Liu, A29-790-331, through counsel, petitions for review of the March 2003 BIA order affirming the decision of Immigration Judge (“IJ”) Sandy K. Horn denying his application for asylum, withholding of deportation, adjustment under the Chinese Student Protection Act (“CSPA”), and suspension of deportation. We assume the parties’ familiarity with the underlying facts and procedural history in this consolidated case.
A. Asylum and Withholding Claims
When the BIA “adopts the decision of the IJ and merely supplements the IJ’s decision ... we review the decision of the IJ as supplemented by the BIA.” Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This court reviews the IJ’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004); Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003). We afford “‘particular deference to the credibility determinations of the IJ.’ ” Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (quoting Montero v. INS, 124 F.3d 381, 386 (2d Cir.1997)).
1. Family Planning Violation Claim
With respect to Liu’s claim for asylum based on China’s family planning policies, the record supports the IJ’s determination that Liu failed to demonstrate eligibility for relief. The IJ accurately observed that neither Liu nor his wife had presented any evidence that either of them had been arrested, sterilized, forced to undergo an abortion, or subjected to any adverse consequences due to China’s family planning policy while in China, and they had therefore not suffered past persecution.
With respect to a well-founded fear of future persecution based on having two children, the IJ reasonably found that Liu’s assertion that he would be jailed and fined if forced to return to the PRC was speculative. See Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). His only evidence that he would be punished in this manner was his testimony that his wife had told him “many people have two children, have more than two children and sent back to the PRC, have to pay the fine and sent to the jail.” Furthermore, the IJ reasonably found that, even if Liu’s children were denied the ability to attend school, this penalty alone could not form the basis of a claim of persecution. See Damko v. INS, 430 F.3d 626, 636-37 (2d Cir.2005) (stressing that “persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional”) (internal citations omitted).
2. Political Activities Claim
The record includes substantial evidence to support the IJ’s adverse credibility finding regarding Liu’s political asylum *477 claim. Liu’s written application for asylum was inconsistent with his oral testimony. In his written application, Liu indicated that he was a Christian and that, based on his political and religious beliefs, the Chinese government accused him of “spreading poisonous ideology.” [JA526] At his hearing, however, Liu testified that he was a Buddhist and that he had never been Christian. [JA148, 181] After hearing Liu’s explanation for the discrepancy— that the written application was erroneous because it was written by someone else— the IJ rejected it, noting that the application was prepared with the aid of a translator, Liu testified that he had no communication problems with the person that completed the application, and the rest of the information contained in that application is accurate. Therefore, the IJ concluded, Liu simply wished to prepare an application that would help him achieve refugee status, even if that required “fabrication and falsification.”
The IJ also found petitioner’s testimony implausible because it lacked specificity and detail. Lack of specificity alone is insufficient to support an adverse credibility finding. See Qiu v. Ashcroft, 329 F.3d 140, 152 & n. 6 (2d Cir.2003). However, even given this error in analysis, the inconsistency between Liu’s written application and oral testimony provides substantial evidence to support the IJ’s determination that Liu was not credible with respect to his claim of political persecution.
B. Chinese Student Protection Act (“CSPA”)
This court lacks jurisdiction to review the IJ’s discretionary decision to deny Liu adjustment under the CSPA. See 8 U.S.C. § 1252(a)(2)(B); Mariuta v. Gonzales, 411 F.3d 361, 364-67 (2d Cir.2005). While we would have jurisdiction to review the IJ’s finding that Liu was ineligible for adjustment due to his failure to demonstrate his physical presence in the United States during the statutory time period, we need not reach that issue because the IJ’s exercise of discretion was determinative in this case.
C. Suspension of Deportation
Similarly, we lack jurisdiction to review the IJ’s discretionary determination to deny suspension of deportation based on Liu’s failure to show extreme hardship. See Kalkouli v. Ashcroft, 282 F.3d 202, 204 (2d Cir.2002); see also De La Vega v. Gonzales, 436 F.3d 141, 143-44 (2d Cir. 2006) (holding that the Court lacks jurisdiction to review the discretionary denial of cancellation of removal based on a lack of extreme hardship). Consequently, irrespective of whether continuous physical presence in the United States for seven years is a nondiscretionary element, the IJ’s decision must remain undisturbed because the hardship determination is both dispositive and unreviewable.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).