**Miguel Angel CEBALLO, also known as Miguel Angel Ceballos, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States,[1] Respondent.**

No. 04–3231–ag.

United States Court of Appeals, Second Circuit.

May 23, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as respondent in this case.

Linda Kenepaske, New York, New York, for Petitioner.

Anastasia Enos King, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; Sandra S. Glover, Assistant United States Attorney, of counsel), Hartford, Connecticut, for Respondent.

Present: Hon. ROGER J. MINER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LAURA TAYLOR SWAIN, District Judge.[2]

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner, who seeks a waiver of deportation (now designated a "waiver of removal") under INA § 212(c), contends that the IJ erred in balancing the equities of his waiver application. In an earlier order, a panel of this Court granted in part and denied in part respondent's motion to dismiss for lack of jurisdiction. *See Ceballo v. Gonzales*, No. 04–3231–ag, Order of November 7, 2005 ("Order"). We held that "this court lacks jurisdiction to review the IJ's ultimate discretionary decision denying relief." *Id.* (citing *Kalkouli v. Ashcroft*, 282 F.3d 202, 203 (2d Cir.2002)). But we denied the government's motion "with respect to the issues relating to whether the IJ applied the appropriate standard for balancing the equities." *Id.* We ordered respondent to submit an appellate brief regarding the remaining issues, and respondent complied with our request.

Subsequently, however, a panel of this Court held that "an IJ's decision to grant or deny a section 212(c) waiver of removal constitutes a discretionary decision that we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(ii)." *Avendano–Espejo v. Dep't of Homeland Security*, 448 F.3d 503 (2d Cir.2006) (per curiam). In *Avendano–Espejo*, we pointed out that, " 'absent a specific issue of statutory construction, the term "questions of law" in 8 U.S.C. § 1252(a)(2)(D) does not provide our Court with jurisdiction to review a petitioner's challenge to a decision firmly committed by statute to the discretion of the Attorney General.' " *Id.* at 505 (quoting *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir.2006)). We also noted that a "petitioner's attempt to 'dress up' his challenge with the language of 'due process' is insufficient to provide our Court with jurisdiction to review his

2. The Honorable Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

claim, inasmuch as petitioner's argument that the IJ employed an 'erroneous legal standard' in adjudicating his request for section 212(c) relief ... amounts on this record to nothing more than a challenge to the IJ's exercise of his discretion," which, "as this and other courts have held consistently, fall[s] outside the jurisdiction-restoring provisions of the REAL ID Act." *Id.* at 506.

We hold that our decision in *Avendano–Espejo* controls the remaining jurisdictional issue in the instant case. Petitioner contends that, in balancing the equities of his application for waiver of deportation under INS § 212(c), the IJ erred in discounting certain equities acquired after he had been ordered deported. As *Avendano–Espejo* indicates, however, such a decision by the IJ is precisely the type of discretionary decision that we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(ii). *See Avendano–Espejo,* 448 F.3d at 505. Moreover, petitioner's attempt to characterize his challenge as a due process claim or a challenge to an erroneous legal standard is, as *Avendano–Espejo* explains, similarly unavailing. *See id.* at 506.

Accordingly, for the reasons set forth above, the petition for review is hereby **DISMISSED.**