**Olubukola ADEWUMI, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 03–4157.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

Alan Michael Strauss (Stanley H. Wallenstein, on the brief), Law Office of Stanley H. Wallenstein, New York, NY, for Petitioner.

PRESENT: Hon. DENNIS JACOBS and Hon. B.D. PARKER, Circuit Judges, and Hon. DAVID G. TRAGER,\*\* District Judge.

### SUMMARY ORDER

Olubukola Adewumi petitions for review of a Board of Immigration ("BIA") decision affirming the decision of an Immigration Judge ("IJ"). The IJ's decision denied Adewumi's applications for asylum, witholding of removal, and suspension of deportation, and granted her application for voluntary departure. The BIA also denied Adewumi's motion to remand the case to consider additional medical evidence. We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA issues a short decision that affirms the IJ's opinion without significant analysis, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003).

We lack jurisdiction to review the IJ's discretionary determination to deny suspension of deportation based on Adewumi's failure to show extreme hardship. *See Kalkouli v. Ashcroft*, 282 F.3d 202, 204 (2d Cir.2002). However, we retain jurisdiction to evaluate Adewumi's claim that the IJ violated her due process rights by warning her that he would view with suspicion a report from any Nigerian physician regarding the availability of treatment for sickle-cell anemia in Nigeria. *See Xiao Ji Chen v. DOJ*, 434 F.3d 144, 155 (2d Cir. 2006). To succeed on a due process challenge, an alien must show both that she was denied a full and fair opportunity to present her claims and that she was prejudiced by this error. *See id.* Even assuming that the IJ made the statement, Adewumi's argument does not succeed because the IJ never indicated that he would not consider a report from a Nigerian physician, and was merely warning Adewumi of potential evidentiary problems with such a report.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

\*\* The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

We have considered Adewumi's remaining argument and find it to be meritless.

For the reasons set forth above, Adewumi's petition for review is **DENIED.**