Razaq KHOKHAR, Petitioner–Appellant,

v.

Eric H. HOLDER, Jr., Attorney General,* Respondent–Appellee.

No. 08–2638–ag.

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

Khagendra Gharti–Chhetry, New York, N.Y., for Appellant.

Ana Zablah–Monroe, Trial Attorney, Office of Immigration Litigation (Gregory G. Katsas, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Office of Immigration Litigation, on the brief), Washington, D.C., for Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges, BARBARA S. JONES,** District Judge.

## SUMMARY ORDER

Petitioner Razaq Khokhar seeks review of a May 1, 2008 order and decision of the BIA, affirming the May 1, 2006 order and decision of the Immigration Judge (George T. Chew, J.) ("IJ"), denying Khokhar's application for cancellation of removal. *In re Razaq Khokhar*, A 72 779 095 (B.I.A. May 1, 2008), *aff'g* A72 779 095 (Immig. Ct. N.Y. City May 1, 2006). The question presented by this appeal is whether the BIA erred in concluding that Khokhar failed to establish that his daughter would face "exceptional and extremely unusual hardship" following his deportation. *See* 8 U.S.C. § 1229b(b)(1)(D). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This Court has held that the determination of whether exceptional and extremely unusual hardship is present for the purposes of cancellation of removal is committed to the discretion of the Attorney General, and that, accordingly, we have no jurisdiction to review such a determination. We are bound by past decisions of this Court." *Mendez v. Mukasey*, 525 F.3d 216, 221 (2d Cir.2008) (citing *Barco–Sandoval v. Gonzales*, 516 F.3d 35, 38–39 (2d Cir.2008)). However, we are not without jurisdiction to consider "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

Khokhar argues that the agency erred, as a matter of law, for two reasons. First,

---

\* Eric H. Holder, Jr. is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\* The Honorable Barbara S. Jones, United States District Court for the Southern District of New York, sitting by designation.

he argues that the IJ failed to consider all of the relevant factors or to evaluate those factors in the aggregate. But where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Second, Khokhar argues that the BIA engaged in impermissible fact finding. We conclude that the BIA's decision reflects that it emphasized certain aspects of Khokhar's evidence that were not discussed in the IJ's decision, not that it made any impermissible findings of fact. Such considerations are properly within the scope of the BIA's de novo review of a discretionary determination of the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment . . . de novo.").

We therefore DENY the petition for review. The previously granted stay of deportation is VACATED.