Devanand SOOKDEO, Petitioner,

v.

Alberto GONZALES, Attorney General
of the United States, Respondent.

No. 06–3440–ag.

United States Court of Appeals,
Second Circuit.

July 11, 2007.

Myriam Sanchez Hildenbrand, Bretz & Coven, LLP (Matthew L. Guadagno, Kerry W. Bretz, Jules E. Coven, on the brief), New York, NY, for Petitioner.

Mary M. Houghton, Assistant United States Attorney, for Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Pittsburgh, PA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Devanand Sookdeo, a native and citizen of Guyana, seeks review of the June 23, 2006 order of the Board of Immigration Appeals ("BIA") affirming the December 14, 2004 decision of Immigration Judge ("IJ") Phillip J. Montante, Jr., denying Sookdeo's application for a waiver of inadmissibility under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See In re Devanand Sookdeo*, No. A73 155 503 (B.I.A. June 23, 2006), *aff'g* No. A73 155 503 (Immig.Ct.Buffalo, N.Y. Dec. 14, 2004). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court generally lacks jurisdiction to review discretionary decisions such as the denial of a waiver of removal under the repealed INA section 212(c). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Avendano–Espejo v. Dep't of Homeland Security*, 448 F.3d 503, 505 (2d Cir.2006). However, the Real ID Act of 2005 preserved this Court's jurisdiction to review constitutional claims and questions of law raised by any petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

The IJ ruled that Sookdeo's criminal history required him to show "outstanding and unusual equities" supporting a waiver of inadmissibility, and denied discretionary waiver. The BIA ruled that no such unusual showing was required but that, in any event, the negative factors found (and relied upon) by the IJ justified the discretionary denial of waiver relief.

Sookdeo argues that the BIA exceeded its authority by engaging in improper independent factfinding (prohibited by 8 C.F.R. § 1003.1(d)(3)(iv)) or a de novo factual review (prohibited by 8 C.F.R. § 1003.1(d)(3)(i)); he also contends that the BIA has no power as an appellate body to balance the section 212(c) factors in the first instance, and that by doing so the BIA violated his due process rights. These arguments at least superficially raise a constitutional claim or a question of law, but are meritless.

■ In affirming the IJ's denial of relief, the BIA cited Sookdeo's misrepresentations about his tax returns,[1] his employment history, and his lack of remorse; this was not independent factfinding, because the IJ cited these negative factors on the record when he denied waiver relief. The BIA reviews de novo whether the IJ's decision to deny discretionary relief was warranted based on the record, *see* 8 C.F.R. § 1003.1(d)(3)(ii), and that is all the

---

1. Notwithstanding Sookdeo's arguments to the contrary, the BIA made reference not to the contents of Sookdeo's tax returns—which are not in the administrative record—but to his contradictory and non-credible explanations of their contents, which *are* on the record and which the IJ found significant.

BIA did here. *See Wallace v. Gonzales,* 463 F.3d 135, 141 (2d Cir.2006) ("Although any reversal by the BIA of an IJ's discretionary determination must involve consideration of the underlying facts, a review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfinding.").

As to the BIA's power to balance the section 212(c) factors, nothing in the INA or the rules and regulations of the BIA requires the BIA to remand to an IJ for the purpose of balancing facts that the IJ has already found. The BIA's de novo review in this context involves no deference to the IJ's legal determinations, and the BIA necessarily must balance the factors on its own, using the facts as determined by the IJ. Sookdeo's reliance on *Immigration & Naturalization Service v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), and *Gonzales v. Thomas,* 547 U.S. 183, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006), is misplaced. Those cases pertain to the deference federal courts owe to administrative agencies; they do not deal with deference within agencies themselves.

Having rejected Sookdeo's argument that the BIA exceeded its powers, we lack jurisdiction to review the BIA's affirmance of the denial of a section 212(c) waiver, which is an issue "firmly committed by statute to the discretion of the Attorney General." *Bugayong v. Immigration & Naturalization Serv.,* 442 F.3d 67, 72 (2d Cir.2006).

Sookdeo's petition for review contests the IJ's refusal to grant a change of venue, but even if this could be somehow deemed a due process claim, Sookdeo failed to raise it before the BIA, and we do not consider unexhausted claims in the first instance. *See* 8 U.S.C. § 1252(d)(1).

We have considered the remainder of Sookdeo's arguments and find them to be without merit. For the reasons set forth above, the petition is hereby **DISMISSED.**