Roberto Gerardo **AVENDANO–ESPEJO**, Petitioner,

v.

**DEPARTMENT OF HOMELAND SECURITY**, Respondent.

Docket No. 03–40921–AG.

United States Court of Appeals, Second Circuit.

Submitted: Jan. 10, 2006.

Decided: May 11, 2006.

Lisa E. Perkins, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, Matthew Helton, Law Student Intern, on the brief), United States Attorney's Office for the District of Connecticut, Hartford, CT, for Respondent.

Before: WINTER, CABRANES, and SACK, Circuit Judges.

PER CURIAM:

Petitioner Roberto Gerardo Avendano–Espejo, a native and citizen of Peru, seeks review of an October 10, 2003 order of the BIA summarily affirming the April 23, 2003 decision of Immigration Judge Joe D. Miller ("the IJ") denying petitioner a waiver of removal under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996) ("section 212(c) waiver"). *See In re Roberto Gerardo Avendano–Espejo,* File No. A 35 690 327 (Napanoch, N.Y. Apr. 23, 2003). Because we lack jurisdiction to review an IJ's discretionary denial of a section 212(c) waiver of removal, *see* 8 U.S.C. § 1252(a)(2)(B)(ii), and because petitioner fails to raise any colorable "constitutional claims or questions of law" within the meaning of section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)), the petition for review is dismissed.

We set forth only those facts necessary to our decision. By service of a Notice to Appear dated January 21, 2002, the INS commenced removal proceedings against petitioner, charging him with removability because he had been convicted of two crimes of moral turpitude in violation of 8 U.S.C. § 1227(a)(2)(A)(ii). At a hearing conducted on June 21, 2002, the IJ deter-

Joseph A. Sena, Jr., White Plains, NY, for Petitioner.

mined that petitioner's removability had been established by clear and convincing evidence, and, as relief from removal, petitioner sought a waiver of removal under INA section 212(c), 8 U.S.C. § 1182(c) (repealed 1996).[1] In decisions dated July 30, 2002 and April 23, 2003, the IJ denied petitioner's request for a section 212(c) waiver, concluding that petitioner had failed to establish "unusual or outstanding equities" sufficient to overcome the "extremely adverse" circumstances involved in petitioner's case—namely, his "repetitive criminal history," which included ten convictions in fifteen years for offenses such as criminal trespass, possession of stolen property, harassment, operating a motor vehicle while impaired by alcohol, disorderly conduct, criminal impersonation, and three convictions for driving while intoxicated. On appeal, petitioner maintains that the IJ applied an "excessive" and "erroneous legal standard" by requiring petitioner to show "unusual or outstanding equities," thereby depriving petitioner of his "due process right to a full and fair hearing." *See* Pet'r's Br. at 5, 7, 8.

■ We hold that an IJ's decision to grant or deny a section 212(c) waiver of removal constitutes a discretionary decision that we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(ii) (providing that "no court shall have jurisdiction to review ... any ... decision or action of the Attorney General ... the authority for which is specified under this subchapter to be *in the discretion of the Attorney General*") (emphasis added). *See* 8 U.S.C. § 1182(c) (repealed 1996) (stating that aliens such as petitioner "*may* be admitted *in the discretion* of the Attorney General") (emphases added); J.A. at 197 (decision of

IJ denying relief to petitioner "in my discretion"); *see also Matter of Edwards*, 20 I. & N. Dec. 191, 194–95 (BIA 1990) ("Section 212(c) ... does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine *as a matter of discretion* whether the alien merits the relief sought, and the alien bears the burden of demonstrating that his application warrants favorable consideration.") (emphasis added).

■ Petitioner, moreover, has failed to raise any colorable "constitutional claims or questions of law" sufficient to invoke our jurisdiction under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D). As we have held on more than one occasion, "absent a specific issue of statutory construction, the term 'questions of law' in 8 U.S.C. § 1252(a)(2)(D) does not provide our Court with jurisdiction to review a petitioner's challenge to a decision firmly committed by statute to the discretion of the Attorney General." *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir.2006); *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir.2006); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir.2006) ("Because the REAL ID Act only provides us with jurisdiction to review constitutional claims or matters of statutory construction, we remain deprived of jurisdiction to review discretionary and factual determinations."); *Higuit v. Gonzales*, 433 F.3d 417, 420 (4th Cir.2006) ("We are not free to convert every immigration case into a question of law, and thereby undermine Congress's decision to grant limited jurisdiction over matters committed in the first instance to the sound discretion of the Executive.").

---

1. Petitioner was permitted to seek a section 212(c) waiver, notwithstanding the repeal of that provision in 1996, because he had entered guilty pleas to both of the relevant offenses prior to the abolition of section 212(c). *See* 8 C.F.R. § 1003.44.

Likewise, petitioner's attempt to "dress up" his challenge with the language of "due process" is insufficient to provide our Court with jurisdiction to review his claim, inasmuch as petitioner's argument that the IJ employed an "erroneous legal standard" in adjudicating his request for section 212(c) relief, thereby depriving petitioner of his "due process right to a full and fair hearing," amounts on this record to nothing more than a challenge to the IJ's exercise of his discretion. *See Saloum*, 437 F.3d at 243 (rejecting the petitioner's effort to "dress up" his challenge to an IJ's discretionary determination through the "talismanic invocation of the language of 'due process'"); *see also Matter of Edwards*, 20 I. & N. Dec. at 195 (stating that "as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, *which in some cases may have to involve unusual or outstanding equities*") (emphasis added); *Matter of Marin*, 16 I. & N. Dec. 581, 584, 585 (BIA 1978) (stating that the BIA "has not adopted an inflexible test for an immigration judge to use to determine as a conclusory matter whether section 212(c) relief should be granted as a matter of discretion"). Such claims, as this and other courts have held consistently, fall outside the jurisdiction-restoring provisions of the REAL ID Act. *See Bugayong*, 442 F.3d at 72–73 ("Because Bugayong's argument that the IJ erred in evaluating his hearing testimony is, at bottom, a challenge to the IJ's exercise of his discretion, we lack jurisdiction to consider Bugayong's claim, notwithstanding the language of the REAL ID Act."); *De La Vega v. Gonzales*, 436 F.3d 141, 146 (2d Cir.2006) (stating that "Section 106 of the REAL ID Act does not override statutory provisions denying the courts jurisdiction to review discretionary decisions of the Attorney General" because "challenges to the exercise of routine discretion ... do not raise 'constitutional claims or questions of law'"); *Elysee v. Gonzales*, 437 F.3d 221, 223–24 (1st Cir.2006) (holding that the petitioner's claim, *inter alia*, that the IJ "complete[ly] disregard[ed]" relevant hardships "d[id] not raise even a colorable constitutional claim or question of law" because the petitioner merely "attack[ed] ... the factual findings made and the balancing of factors engaged in by the IJ"); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *cf. Sol v. INS*, 274 F.3d 648, 651 (2d Cir.2001) (holding, in a pre-REAL ID Act case, that the petitioner's "claim that the IJ and the BIA abused their discretion by denying him a [section 212(c)] waiver of deportation *does not raise a statutory or constitutional question*, but instead challenges a discretionary determination[] by the IJ and the BIA") (emphasis added); *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) (rejecting notion that a petitioner may "circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of recharacterizing an alleged abuse of discretion as a 'due process' violation").

\*      \*      \*      \*      \*      \*

We have carefully considered all of petitioner's arguments and find each of them to be without merit. Accordingly, for the reasons stated above, the petition for review is DISMISSED.