**Craig Fitzalbert GIBSON, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 05–5354–ag.**

United States Court of Appeals, Second Circuit.

Nov. 30, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Lauren A. Wetzler, Assistant United States Attorney for Chuck Rosenberg, United States Attorney, Eastern District of Virginia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. JED S.

RAKOFF, District Judge.*

## SUMMARY ORDER

Craig Fitzalbert Gibson, a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") which summarily affirmed an Immigration Judge's ("IJ") decision to deny Gibson's application for a waiver of inadmissibility pursuant to former section 212(c) of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1182(c) (repealed). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005).

We have held that held that we lack jurisdiction to review an IJ's denial of relief under INA § 212(c) except to the extent the petitioner raises "any colorable 'constitutional claims or questions of law' sufficient to invoke our jurisdiction under the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D)." *Avendano–Espejo v. Dep't of Homeland Security,* 448 F.3d 503, 505 (2d Cir.2006) (per curiam). Gibson argues that, pursuant to the REAL ID Act's jurisdiction restoring provision, we have jurisdiction to hear his claims because the district court: (1) committed legal error by not explicitly considering affidavits submitted by the mothers of Gibson's children and by a pastor and (2) committed legal error and violated Gibson's due process rights by considering, in violation of its own rules, alleged criminal conduct for which Gibson was not convicted.

Gibson's first argument is without merit. We have held that a claim that an IJ failed to consider explicitly certain evidence is "nothing more than an argument that the IJ abused his discretion," and therefore does not raise a question of law under the REAL ID Act. *Saloum v. USCIS,* 437 F.3d 238, 244 (2d Cir.2006) (per curiam) (internal quotation marks omitted).

We need not determine whether we have jurisdiction to review Gibson's second claim because we would deny it even assuming jurisdiction is proper. *See Marquez–Almanzar v. INS,* 418 F.3d 210, 216 n. 7 (2d Cir.2005) (asserting hypothetical jurisdiction where, as here, the jurisdictional issues related to statutory and not constitutional jurisdiction). The BIA has held that "[i]n examining the presence of adverse factors on an application for discretionary relief, this Board has found it appropriate to consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction for purposes of the Act." *In Re Thomas,* 21 I. & N. Dec. 20, 23, 1995 WL 259084 (1995); *see also Henry v. INS,* 74 F.3d 1 (1st Cir.1996). Accordingly, the BIA did not err when it considered the information in the report filed by the Federal Bureau of Investigation agent in connection with Gibson's 2001 arrest.

For the foregoing reasons, the petition is DISMISSED in part for lack of jurisdiction with respect to the petitioner's claim that the IJ committed legal error when he failed to consider certain evidence and DENIED in part with respect to the remainder of the petitioner's claims.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.