Vyacheslav SULAYMANOV, Petitioner,

v.

USCIS, Respondent.

No. 04–5208–ag.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2007.

Andre R. Sobolevsky, New York, N.Y., for Petitioner.

John F. Salan, Assistant U.S. Attorney, for Margaret M. Chiara, U.S. Attorney for the Western District of Michigan, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, and Hon. JOSÉ A. CABRANES, Circuit Judges, and Hon. EDWARD R. KORMAN, Chief District Judge.*

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Vyacheslav Sulaymanov ("Sulaymanov"), a native of the former Soviet Republic of Uzbek and a permanent resident of the United States, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of Immigration Judge ("IJ") Alan A. Vomacka ordering Sulaymanov removed and denying Sulaymanov's applications for cancellation of removal, withholding of removal, and relief under the Convention Against Torture. *See In re Vyacheslav Sulaymanov*, No. A. 23 375 273 (BIA Sept. 1, 2004), *aff'g* No. A. 23 375 273 (Immig. Ct. New York, N.Y. Feb. 25, 2004). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Although the IJ ordered Sulaymanov removed on the basis of a conviction for an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii), under 8 U.S.C. 1252(a)(2)(d) we have jurisdiction over this petition to the extent that it raises colorable constitutional issues or questions of law, *see Avendano–Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006), including the legal question of whether Sulaymanov's offense constitutes an aggravated felony, *Dickson v. Ashcroft*, 346 F.3d 44, 48 (2d Cir.2003).

In his petition for review, Sulaymanov contends that (1) the agency erred in concluding that Sulaymanov's federal bank fraud conviction qualifies as an "aggravated felony;" (2) Sulaymanov's counsel before the IJ rendered ineffective assistance of counsel; (3) Sulaymanov was denied the right to "counsel of his choice;" and (4) the

IJ displayed prejudicial bias against the defendant.

██ We grant the petition for review in part because the basis for the BIA's conclusion that Sulaymanov was an aggravated felon is not clearly revealed in the record before us. 8 U.S.C. § 1101(a)(43)(M)(i) classifies any offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000" as an aggravated felony. A conspiracy to commit this offense is also an aggravated felony. 8 U.S.C. § 1101(a)(43)(U). The BIA concluded that Sulaymanov's federal conviction qualified as an aggravated felony under these definitions since Sulaymanov was convicted of conspiracy to commit bank fraud, and, in his Presentence Investigation Report ("PSR"), he is described as entering into a plea agreement in which he stipulated that the "loss amount" from the offense was more than $70,000.

We conclude, under *Dickson*, 346 F.3d at 53–55, that instead of relying solely on a paraphrase of a stipulation contained in the PSR, the BIA should have obtained the actual plea agreement, plea colloquy transcript, or other official record of conviction, *see* 8 U.S.C. § 1229a(c)(3)(B), and determined whether the facts to which Sulaymanov apparently stipulated or allocuted were sufficient to prove that he was removable pursuant to 8 U.S.C. § 1101(a)(43)(U). *See Canada v. Gonzales*, 448 F.3d 560, 566–67 (2d Cir.2006) (permitting reference to transcript of plea allocution to establish facts underlying petitioner's offense); *Dickson*, 346 F.3d at 53–54 (indicating that plea agreement or plea colloquy transcript could be used as proof of conviction).

██ Sulaymanov's remaining claims are without merit. The BIA rejected Sulaymanov's ineffective assistance of counsel claim on the grounds that Sulaymanov had failed to comply with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), because he did not provide a sufficient explanation for failing to file a formal complaint against the attorney. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) (holding that to prevail on an ineffective assistance of counsel claim the petitioner must "comply substantially" with the procedural requirements of *In re Lozada*). We believe that it is inherent in *Lozada's* third requirement—which requires an alien to file a complaint with the appropriate disciplinary authorities or explain why he has not done so—that the explanation provided be reasonable. *See, e.g., Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 134 (3d Cir.2001) (explaining that under *Lozada* "the failure to file a complaint is *not* fatal if a petitioner provides a *reasonable* explanation for his or her decision" (second emphasis added)); *see also Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993) (per curiam) (holding that the *Lozada* requirements were met when petitioner provided "a reasonable explanation" for not filing a formal complaint). But we need not reach even that obvious point here because Sulaymanov does not challenge the BIA's dismissal of the ineffective assistance of counsel claim on *Lozada* grounds; rather, he argues only that his counsel was ineffective. By not challenging the sole ground for the BIA's decision, he has waived that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.") (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998)).

██ Sulaymanov also claims that he was denied his right to counsel of his choice when the IJ refused to grant his motion for substitution of counsel. The substitu-

tion would have required another continuance in a proceeding that had been ongoing for over two and a half years and had already been continued more than ten times. The IJ denied the motion on the grounds that there had already been four different attorneys of record in the case; the motion had been made only days before the hearing was to convene; the docket was full and rescheduling would cause significant delay and disruption of other cases; all that remained to complete in the proceeding was testimony on two narrow rebuttal issues; and Sulaymanov did not make any allegations that would support a finding that the counsel he sought to replace was ineffective. The BIA upheld the IJ's action on the grounds that the IJ was well within his discretion in denying a continuance, a characterization of the IJ's holding which Sulaymanov does not contest.

In criminal cases, where a request for new counsel would require significant delay, it is well established that a district court has ample discretion to refuse to allow substitution and not to grant a continuance, even if it impinges on a defendant's absolute choice of counsel. *See, e.g., United States v. Paone*, 782 F.2d 386, 392 (2d Cir.1986) ("Absent a conflict of interest, a defendant in a criminal case does not have the unfettered right to retain new counsel, particularly after trial has commenced. In determining whether to allow a defendant to retain new counsel, the court must consider ... the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice."); *United States v. Llanes*, 374 F.2d 712, 717 (2d Cir.1967) ("Judges must be vigilant that requests for appointment of a new attorney ... should not become a vehicle for achieving delay."); *cf. United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir.1963) ("An accused's right to select his own counsel ... cannot be insisted upon or

manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.... [W]here the inability of retained counsel to serve gives promise of unreasonable delay or inconvenience in completing the trial, the court may require the defendant to secure other counsel."). We have also held that though aliens have a constitutional and statutory right to counsel, that right is not greater than in the criminal context. *See Jian Yun Zheng*, 409 F.3d at 46 ("An asylum applicant ... enjoys no specific right to counsel, but only a general right to due process of law under the Fifth Amendment of the Constitution."). In view of these holdings, the agency's denial of yet another continuance was well within its discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir.2006) (per curiam) (holding that the proper standard of review of an IJ's grant or denial of a continuance was abuse of discretion)

As to bias, there is no doubt that at times the IJ became frustrated with the petitioner, but, reading the record as a whole, it seems apparent that the IJ went out of his way to help the petitioner, suggesting, for example, various forms of relief that might have been available. In any event, whatever frustration the IJ may have demonstrated did not amount to a constitutional violation.

For the foregoing reasons, the petition for review is GRANTED IN PART, insofar as the BIA erred in using the petitioner's PSR, standing alone, as the basis for its decision that petitioner was an aggravated felon, and DENIED IN PART, insofar as petitioner makes other claims of error, and the case is REMANDED to the BIA for further proceedings consistent with this order.