Tomas NUNEZ, Petitioner,

v.

INS, Respondent.

No. 05–2820–ag.

United States Court of Appeals,
Second Circuit.

March 28, 2007.

Tomas Nunez, pro se, Newburgh, NY,
for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, COLLEEN McMAHON,* District Judge.

We assume the parties' familiarity with the facts, proceedings below, prior proceedings in this court, and specification of issues on appeal.

Petitioner Tomas Nunez, a native and citizen of Honduras, seeks review of a February 9, 2004, BIA order affirming the December 4, 2002, order of Immigration Judge ("IJ") Phillip J. Montante, denying petitioner's application for discretionary relief from deportation under former Section 212(c) of the Immigration and Nationality Act. *In re Tomas Nunez,* No. A 26 103 266 (B.I.A. February 9, 2004), *aff'g* No. A 26 103 266 (Immig.Ct.Buffalo, Dec. 4, 2002).

■■■ Nunez previously requested review of the same order, and we dismissed his petition for lack of jurisdiction because he had committed an aggravated felony. *See Nunez v. INS,* No. 04–0818–ag (2d Cir. Nov. 1, 2004). Even assuming that our review is not barred by 8 U.S.C. § 1252(d)(2) (precluding review under most circumstances where another court has determined the validity of the order) or by principles of claim or issue preclusion, we must deny this petition. Although a preliminary question arises as to whether Nunez fairly exhausted his argument that his conviction for first degree sexual abuse was not an aggravated felony, even if we were to resolve that exhaustion issue in his favor, the argument itself is plainly without merit. *See* 8 U.S.C. § 1101(a)(43)(A). Further, we generally lack jurisdiction to review a discretionary denial of § 212(c) relief. *See Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 505 (2d Cir.2006). In order for us to exercise jurisdiction over a Section 212(c) denial, the petition must present a constitutional or legal question. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 322 (2d Cir.2006). The only cognizable legal question that Nunez raises—that his deportation is barred by the International Covenant on Civil and Political Rights—presents exhaustion issues but, in any event, lacks merit. *See Guaylupo–Moya v. Gonzales,* 423 F.3d 121, 136–37 (2d Cir.2005).

We have considered Nunez's remaining arguments and found that they either are outside our jurisdiction or lack merit. We therefore deny review and vacate the stay of removal previously granted in this matter.

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.