**Dario Miguel ACEITUNO, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Tom Ridge, Secretary of Homeland Security, Edward J. McElroy, I.N.S. Director of New York, John Bulger, I.N.S. District Director of Florida, Respondents.**

No. 05–4430–ag.

United States Court of Appeals, Second Circuit.

May 16, 2007.

Dario Aceituno, pro se, Port Chester, NY, for Petitioner.

Jesse M. Bless, Office of Immigration Litigation (David V. Bernal, Assistant Director, Peter D. Keisler, Assistant Attorney General, Civil Division, on the brief), Washington, DC, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Dario Aceituno, a native and citizen of Argentina, seeks review of a August 8, 2003 decision of the Board of Immigration Appeals, which affirmed an Immigration Judge's ("IJ") decision to deny relief, as a matter of discretion, under former section 212(c) of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1182(c) (repealed). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.[1]

We lack jurisdiction to review an IJ's denial of § 212(c) relief except to the extent the petitioner raises "any colorable 'constitutional claims or questions of law.'" *Avendano–Espejo v. Dep't of Homeland Security,* 448 F.3d 503, 505 (2d Cir.2006) (per curiam). Under this standard, we

poena.

1. We note that because Aceituno's habeas petition, now construed as a petition for review, was filed before the BIA orders denying his motions to reopen were entered, and because he has not filed petitions for review of those orders, we may review only the proceedings that concluded with the entry of the BIA's August 8, 2003 order. *See Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 89 (2d Cir.2001).

find that we do not have jurisdiction to review many of grounds on which Aceituno challenges the agency's decision. We also conclude that those claims over which we do have jurisdiction to review lack merit.

Aceituno argues that the IJ erred, as a matter of law, by considering his 1989 youthful offender adjudication. But we have held that the IJ may consider such an adjudication "as an adverse factor in evaluating an application for discretionary relief" and have observed that New York State itself permits, in certain circumstances, consideration of the acts underlying a youthful offender adjudication. *Wallace v. Gonzales,* 463 F.3d 135, 139 & n. 4. (2d Cir.2006). Accordingly, the agency did not err when it took account of that adjudication as part of its consideration of whether to exercise its discretionary authority to grant § 212(c) relief. As to the weight the agency placed on the adjudication, we lack jurisdiction to review that aspect of the agency's decision. *Id.* at 139. We similarly lack jurisdiction to consider Aceituno's claims regarding the weight the agency placed on the "positive factors" relevant to the grant or denial of § 212(c) relief. *See Guyadin v. Gonzales,* 449 F.3d 465, 468–69 (2d Cir.2006).

Aceituno also contends that the agency violated his due process rights when it relied on his 1989 and 1993 convictions because there was insufficient documentation of these convictions, and because, in any event, that documentation was not entered into evidence. His claim is belied by the record. Aceituno submitted a list including both the 1989 and 1993 convictions and did not object to the admission of his "rap sheets" or presentence reports. Similarly, it is clear that the presentence reports were included in the record as an exhibit.

Finally, Aceituno claims that he received ineffective assistance of counsel. He, however, did not raise this claim before the IJ or the BIA in the proceedings that are the subject of the instant petition for review. Because (1) the ineffective assistance of counsel claim was not raised before the IJ or BIA in the proceedings before us, (2) the proceedings with respect to the motions to reopen are not properly before us, and (3) the government has asserted lack of exhaustion as a defense, the ineffective assistance claim is not subject to review. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 117–25 (2d Cir.2007).

The petition for review is therefore DISMISSED for lack of jurisdiction in part and DENIED in part.