

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Labbe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Labbe v. Atty Gen USA" (2007). *2007 Decisions.* Paper 405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  05-5372

CHRISTA LABBE,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND
SECURITY; THEODORE NORDMARK, Senior Officer
of the Local Branch of Bureau of Customs and
Immigration Enforcement,

Respondent

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A40-136-414
Immigration Judge Grace A. Sease

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed: September 21, 2007)

OPINION

SMITH, *Circuit Judge.*

Christa Labbe is a native and citizen of Haiti. She entered the United States in 1986 and lived with her maternal aunt. She returned to Haiti in July of 2003 and upon reentering the United States later that month was found to be inadmissible as a criminal alien under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having committed a crime involving moral turpitude.[1] At a hearing before an immigration judge ("IJ"), Labbe conceded that she had been convicted in 1991 in New York State of first degree manslaughter for killing her newborn son by means of strangulation, and that she was removable. To avoid deportation, Labbe sought relief under former § 212(c) as she had been a lawful permanent resident for many years and had not been incarcerated for more than five years.

Because Labbe could not be considered for bail, the IJ granted counsel's request to schedule her case in short order. During a hearing in November of 2003, it was evident that medical documentation regarding Labbe's condition at the time of her child's birth would be helpful in adjudicating her claim. Yet counsel failed to adduce any such records during the hearing in December of 2003. After additional testimony was taken, the IJ directed counsel to obtain a release for Labbe's medical records. Thereafter, counsel sent a request to the IJ to issue

_____

[1]Though the record also shows that Labbe traveled outside of the U.S. twice in 2002, it is unclear why Labbe was not denied admission back to the U.S. on either of those two occasions.

subpoenas to three hospitals. The Immigration Court completed the subpoenas based on information provided by counsel and returned them to counsel to serve upon the hospitals. The subpoenas mirrored the information supplied by counsel. As a result, Labbe was identified by only her name and her immigration file number.

One hospital responded that it had no records for Labbe. The second hospital asked for additional information to identify whether it had any records for Labbe. The third hospital did not respond. Those responses were provided to counsel shortly before the final hearing in January of 2004. Despite counsel's awareness that the responses were less than complete, no request was made for a continuance. Thereafter, the IJ issued a decision denying Labbe's request for discretionary relief under former § 212(c).

Labbe filed a timely appeal with the Board of Immigration Appeals ("BIA"). She did not challenge the denial of her application for relief under former § 212(c). Instead, she asserted that the IJ erred by failing to sua sponte grant a continuance which would have allowed counsel to obtain the desired medical records. Labbe requested that the BIA remand her case for further proceedings. The BIA denied the request, explaining that Labbe had failed to establish that these medical records were unavailable as required under 8 C.F.R. § 1003.2(c), and that such records

even contained information that would be helpful to her claim.

Labbe did not file a petition for review. Instead, slightly more than thirty days later, she filed a petition under 28 U.S.C. § 2241 in the District Court. Consistent with the REAL ID Act, the petition was transferred to this court and treated as a petition for review. *See Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005).

Before us, Labbe argues that the BIA erred by dismissing her appeal as it failed to provide any legal analysis of the IJ's decision denying her application for relief under former § 212(c). As a result, she contends her right to due process was violated. Labbe further asserts that the BIA erred by concluding that she did not adduce a good reason for failing to produce her medical records and by denying her request to remand for further proceedings. The government contends that we lack jurisdiction to review Labbe's petition on several grounds.

We agree with the government that jurisdiction is lacking. Labbe petitions for review of the IJ's denial of her application for relief under former § 212(c), a discretionary benefit that was available prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act. *See I.N.S. v. St. Cyr*, 533 U.S. 289, 325 (2001) (observing that "§ 212(c) relief is discretionary"). Section 1252(a)(2)(B)(ii) strips the courts of appeals of jurisdiction to review "any other

4

decision or action of the Attorney General . . . which is . . . in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii).  Accordingly, we lack jurisdiction to review the IJ's denial of Labbe's application for relief under former § 212(c). *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006).

There is an exception to this jurisdictional barrier in 8 U.S.C. § 1252(a)(2)(D) for petitions presenting "constitutional claims or questions of law . . . ." Labbe has alleged in her brief a violation of her due process rights because the BIA failed to address the merits of the IJ's decision as it pertained to her application for § 212(c) relief.  This exception for constitutional claims, however, does not come to her aid because § 1252(d)(1) requires that an alien exhaust her claims.   Labbe's notice of appeal to the BIA did not mention the denial of her application for relief under former § 212(c).  To be sure, there are occasions where a due process claim need not be exhausted, but in this case  Labbe's claim implicated the agency's administrative process and the agency was capable of correcting any procedural error in that regard.  Thus, the failure to challenge the IJ's denial of her application for § 212(c) relief was fatal and we may not consider this unexhausted claim. *Bonhometre*, 414 F.3d at 447-48.

Jurisdiction is also lacking under 8 U.S.C. § 1252(a)(2)(C), which instructs

that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in § 1182(a)(2)." In *Papageorgiou v. Gonzales*, 413 F.3d 356, 357 (3d Cir. 2005), we reiterated that there are only two predicate facts to establish before applying § 1252(a)(2)(C)'s jurisdictional bar. "[F]irst, whether a petitioner is in fact an alien, and, second, whether he or she is indeed removable by reason of having been convicted of one of the enumerated offenses" in § 1252(a)(2)(C). *Id.* Here, there is no dispute that Labbe is an alien. The record before us establishes that Labbe was charged as being removable for an enumerated offense, *i.e.*, a conviction for manslaughter in the first degree, which constitutes a crime of moral turpitude under § 1182(a)(2)(A)(i)(I). Because Labbe does not contest that her conviction constitutes an enumerated offense under this jurisdictional provision, § 1252(a)(2)(C) bars us from reviewing this aspect of her petition.

We recognize that Labbe's appeal to the BIA asserted that the IJ erred by failing to sua sponte grant a continuance to allow more time to obtain the hospital records and that the notice of appeal specifically requested a remand to the IJ. There is a distinction barring a criminal alien's petition seeking a review of the merits of the BIA's denial of her application for relief under former § 212(c) and a petition challenging the denial of a motion to reopen. For that reason, we must

6

determine if the denial of a motion to reopen is reviewable in light of § 1252(a)(2)(C)'s jurisdiction stripping provision.

We have not directly considered whether § 1252(a)(2)(C)'s bar also precludes us from reviewing a motion to reopen a criminal alien's immigration proceedings. In *Cruz v. Attorney General of United States*, 452 F.3d 240 (3d Cir. 2006), we considered a petition for review of the denial of a motion to reopen by an alien convicted of a crime of moral turpitude. There, we were unable to determine if § 1252(a)(2)(C) precluded our review of the motion to reopen because the BIA's decision failed to analyze whether the alien had the predicate conviction for an enumerated offense in light of the state court's vacatur of that conviction. *Id.* at 247-48. For that reason, we granted the petition for review and remanded the matter for further proceedings.

Nonetheless, *Cruz* is instructive because we observed that, even though an order denying a motion to reopen is generally reviewable, there are

> certain situations in which jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2) limit or eliminate our jurisdiction to review denials of motions to reopen.
> For example, if an alien is removable for having committed one of the offenses enumerated in 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a denial of a motion to reopen, except to the extent that it raises constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C)-(D) . . . .

7

*Cruz*, 452 F.3d at 246-47 (internal footnote and citations omitted).

Consistent with *Cruz*, we conclude that the jurisdiction-stripping provision in § 1252(a)(2)(C) not only precludes us from reviewing the IJ's denial of her application for § 212(c) relief, it also precludes our review of the motion to reopen unless Labbe has raised an issue of law or a constitutional claim. Neither are present in Labbe's challenge to the BIA's denial of the motion to reopen.[2]

Because we lack jurisdiction, we will dismiss Labbe's petition for review.

---

[2]Labbe alleged in the final paragraph of her argument on the motion to remand that the Board violated her right to due process when it recognized the deficiency in the subpoenas, yet refused to grant relief. This bare allegation fails to state a colorable violation of the United States Constitution. As we explained in *Khan v. Attorney General of United States*, 448 F.3d 226, 236 (3d Cir. 2006), recasting a challenge to a discretionary determination as a due process violation is inadequate as an alien must show that he was prevented from reasonably presenting his claim and that he was prejudiced as a result thereof. Labbe cannot make either showing. The record establishes that Labbe never sought a continuance from the IJ even though her counsel knew the subpoenas were not productive, and she failed to adduce before the BIA any medical documentation that would have demonstrated that she was prejudiced.

8