Mri ZAGORJANI, Pal Zagorjani, Petitioners,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 07–5577–ag.

United States Court of Appeals, Second Circuit.

June 17, 2008.

Melissa Desvarieux, Christophe & Associates, P.C., New York, New York, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Norah Ascoli Schwarz, Senior Litigation Counsel; Remi Adalemo, Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Mri and Pal Zagorjani, natives and citizens of Albania, seek review of a November 14, 2007 order of the BIA denying their motion to reopen. *In re Mri Zagorjani and Pal Zagorjani,* Nos. A78 211 960/961 (B.I.A. Nov. 14, 2007).[1] We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

The BIA did not abuse its discretion in denying Zagorjani's motion to reopen. A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (c)(2). However, this time limitation does not apply to a motion to reopen proceedings to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

■ Here, it is undisputed that Zagorjani filed her August 2007 motion to reopen more than 90 days after the BIA's July 2004 final order of removal. In support of her motion, Zagorjani provided a series of affidavits to supplement her original asylum claim, which the agency had found not credible, and newspaper articles and reports that discuss current conditions in Albania. There was no error in the BIA's finding that the affidavits in support of her original claim were available at the time of her hearing before the IJ. 8 C.F.R. § 1003.2(c)(3)(ii); *see also Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Nor was the BIA required to credit Zagorjani's documentary evidence when she had previously been found not credible. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding).

---

1. Because Mri Zagorjani was the lead applicant during the agency proceedings, we refer exclusively to her in this order.

As to the newspaper articles and reports on conditions in Albania, the BIA properly found that they did not demonstrate increased persecution of members of the Democratic Party. While Zagorjani argues that the BIA abused its discretion in failing to consider the totality of her evidence, we will presume, absent compelling evidence to the contrary, that the BIA considered the evidence before it. Moreover, we have found that the agency is aware of the "the salient historical events and conditions" that affect the situation of Democratic Party members in Albania, as that country is the "subject of an appreciable proportion of asylum claims." *Hoxhallari v. Gonzales*, 468 F.3d 179, 184–87 (2d Cir.2006). Accordingly, it need not provide a "detailed [and] specific" analysis of such evidence. *Id.* Therefore, the BIA did not act arbitrarily or capriciously in finding that Zagorjani's evidence was insufficient to warrant reopening her proceedings, and its denial of her motion to reopen as untimely was proper. *Ke Zhen Zhao v. U.S. Dept. of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

Finally, to the extent Zagorjani argues that the BIA violated her Fifth Amendment Due Process rights, her use of due process language in recasting her abuse of discretion argument does not raise a distinct claim for us to review. *Avendano–Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 503 (2d Cir.2006). Even if it did, because the BIA did not act arbitrarily or capriciously in denying Zagorjani's motion, and she has not provided any evidence to suggest that she was denied a full and fair opportunity to present her claims, her due process argument is without merit. *See Li Hua Lin v. U.S.*

*Dep't of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.