**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISRRAEL MEJIA-CERRANO, a/k/a
Isrrael Mejia Cerano,

Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

Respondent.

No. 07-9562
Board of Immigration Appeals

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Prior to his removal from the Untied States on September 5, 2007, Mr.

Isrrael Mejia-Cerrano appealed the Immigration Judge's determination that he did

not qualify for discretionary cancellation of removal proceedings. Because we do

not have jurisdiction to review matters within the IJ's discretion under 8 U.S.C. §

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1229b(b)(1), we, like the Board of Immigration appeals, dismiss Mr. Mejia-Cerrano's appeal for lack of jurisdiction.

## Background

Petitioner Isrrael Mejia-Cerrano is a native and citizen of Mexico. He entered the United States unlawfully in 1988, when he was 15 years old, and has continuously resided in the United States since that time. His parents are lawful permanent residents of the United States and two of his brothers are United States citizens. Mr. Mejia-Cerrano is not married and has no children.

Mr. Mejia-Cerrano has an extensive history of arrests in the state of Colorado, including multiple arrests for failure to appear and contempt of court; four convictions for DUI offenses in 1998, 2002, and 2004; convictions for being a habitual traffic offender in 2002 and 2003; and a conviction for aggravated driving under revocation. During criminal detention for his 2004 DUI conviction, Mr. Mejia-Cerrano was placed in removal proceedings and was removed to Mexico during the pendency of this appeal.

Mr. Mejia-Cerrano filed for Cancellation of Removal for Nonpermanent Residents under 8 U.S.C. § 1229b(b)(1). This petition was denied by the immigration judge on June 1, 2006. The IJ found that Mr. Mejia-Cerrano had both failed to establish "good moral character" as required to be eligible for cancellation, and had failed to establish "exceptional and extremely unusual hardship" to a United States citizen, or a legally permanent resident spouse,

parent, or child. Oral Decision of the Immigration Judge, June 1, 2006, App. 42.

Mr. Mejia-Cerrano appealed the decision to the Board of Immigration Appeals,

which dismissed his appeal because the denial of cancellation of removal was

within the immigration judge's discretion. We also dismiss Mr. Mejia-Cerrano's

appeal for lack of jurisdiction.

### Analysis

Courts of Appeals lack jurisdiction to review discretionary denials of

cancellation of removal unless the petition for review raises a colorable

constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D).

"[C]hallenges directed solely at the agency's discretionary and factual

determinations remain outside the scope of judicial review." *Ferry v. Gonzales*,

457 F.3d 1117, 1130 (10th Cir. 2006) (internal quotation omitted). The

immigration judge's discretionary determination that Mr. Mejia-Cerrano failed to

establish "good moral character" and "exceptional and extremely unusual

hardship" to a United States citizen, or legal permanent resident spouse, parent, or

child, is therefore not reviewable.

Mr. Mejia-Cerrano attempts to frame his challenge as one of due process,

claiming that the IJ did not consider statutes or case law relating to DUI

convictions and the good moral character aspect of applications for cancellation

of removal; failed to consider positive factors submitted by Mr. Mejia-Cerrano to

show his good character; did not allow Mr. Mejia-Cerrano time to rehabilitate

himself; and did not consider "the whole record" in determining that Mr. Mejia-Cerrano had failed to show the requisite hardship under § 1229b(b)(1). App. Br. 19, 23. The record does not support these claims. But more importantly, "[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction." *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 506 (2d Cir. 2006). At bottom, Mr. Mejia-Cerrano's claims are disagreements with the IJ's balancing of factors that weighed into his discretionary decision. We have no jurisdiction to review the court's decision for abuse of discretion.

This appeal from the judgment/decision of the Board of Immigration Appeals is **DISMISSED**.

Entered for the Court

Michael W. McConnell
Circuit Judge