**YU ZHU TIAN, Petitioner,**

v.

**Michael MUKASEY, Attorney General, Respondent.**

No. 07–3829–ag.

United States Court of Appeals, Second Circuit.

July 21, 2008.

Edward J. Cuccia, Ferro & Cuccia, New York, N.Y., for Petitioner.

David Schor, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice (Jeffrey S. Bucholtz, Acting Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Yu Zhu Tian ("Tian") petitions this Court for review of the BIA's decisions declining to exercise its *sua sponte* reopening authority and denying his motion to reopen. We assume the parties' familiarity with the procedural history, facts, and specification of issues on appeal.

We lack jurisdiction to review the BIA's refusal to exercise its *sua sponte* authority to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Tian attempts to circumvent our lack of jurisdiction by arguing that his case raises a constitutional issue in that his due process rights were violated by the BIA, because the government did not oppose his motion. However, this Court has already explained that when we do not have jurisdiction to review a claim, "attempt[s] to 'dress up' [appellant's] challenge with the language of 'due process' is insufficient to provide our court with jurisdiction to review his claims." *Avendano–Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 506 (2d Cir.2006). Here, there is no merit to Tian's argument that his due process rights were violated,

and therefore we must dismiss Tian's appeal as to the BIA's decision to decline to exercise its *sua sponte* reopening authority.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Wei Guang Wang v. BIA*, 437 F.3d 270, 273 (2d Cir.2006). Tian claims that the BIA abused its discretion because it failed to mention the Department of Homeland Security's ("DHS") non-opposition to his motion to reopen, and such an omission shows a failure to consider the record as a whole. The government explains that the BIA correctly applied the 90–day time limit, that Tian did not dispute the untimeliness of the motion, and that Tian does not argue that he was eligible for any exceptions to that time-bar. Tian stresses that "time" should not be that important to the BIA's decision since the BIA "itself required almost six years to adjudicate [his] first appeal." The government argues that the timeliness of his earlier appeal does not "bear on the fact that [Tian] did not timely file his motion to reopen."

With regards to the BIA not mentioning the DHS, we have stated that "we reject any implication that ... where the BIA has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Id.* at 275 (internal quotation marks omitted). The BIA did not abuse its discretion by simply failing to mention DHS's non-opposition in its opinion. As for the timing of the motion to reopen, the BIA applied the 90–day time limit as required by the regulations. *See* 8 C.F.R. § 1003.23(b)(1); 8 C.F.R. § 1003.2(c)(2). Tian does not dispute that his motion to reopen was untime-

---

* The Honorable David G. Trager, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

ly or that any of the exceptions to the time-bar apply in his situation. As the BIA correctly applied the statutory guidelines, it did not abuse its discretion. We therefore deny Tian's appeal of the BIA's denial of petitioner's motion to reopen.

Accordingly, petitioner's petition for review is DISMISSED, in part, and DENIED, in part.