Vincent Valentine VEIRO, Petitioner,

v.

Michael B. MUKASEY, Attorney General,* Respondent.

No. 07–4583–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2008.

Charles A. Schiano, Jr., Esq., New York, N.Y., for Respondent.

Sunah Lee, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice (Gregory G. Katsas, Acting Assistant Attorney General, Michelle G. Latour, Assistant Director, Office of Immigration Litigation, on the brief), Washington, D.C., for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges, JED S. RAKOFF,** District Judge.

** The Honorable Jed S. Rakoff, District Judge of the United States District Court for the

## SUMMARY ORDER

Vincent Valentine Veiro ("Petitioner"), a native and citizen of St. Kitts, seeks review of a September 28, 2007, final order of removal of the BIA. The BIA's order dismissed Veiro's appeal from the decision of the Immigration Judge (Montante, *J.*), finding Veiro removable as charged as a criminal alien, and denying his application for a waiver of inadmissibility under the now-repealed Section 212(c) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review final orders of removal against aliens deemed removable because of prior criminal convictions, and we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review purely discretionary decisions by the Attorney General. *See Khan v. Gonzales,* 495 F.3d 31, 34 (2d Cir.2007). Our lack of jurisdiction is "subject to the exception set forth in 8 U.S.C. § 1252(a)(2)(D), which restores our jurisdiction to review 'constitutional claims or questions of law.'" *Id.*

■ Veiro is removable because of his 1990 conviction for criminal sale of marijuana. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (rendering inadmissible "any alien convicted of … a violation of … any law or regulation of a State … relating to a controlled substance (as defined in section 802 of Title 21)"). Veiro argues that the conviction has been vacated by Rochester City Court and thus cannot be used against him in immigration proceedings. But Veiro concedes that his conviction was vacated based upon the adverse immigration consequences of the conviction, rather

Southern District of New York, sitting by designation.

than reasons related to guilt or procedural flaws. In *Saleh v. Gonzales,* we held that "[w]hen a conviction is amended nunc pro tunc solely to enable a defendant to avoid immigration consequences, in contrast to an amendment or vacatur on the merits, there is no reason to conclude that the alien is any less suitable for removal." 495 F.3d 17, 25 (2d Cir.2007); *see also United States v. Campbell,* 167 F.3d 94, 97 (2d Cir.1999). Thus, Veiro's argument that the conviction should not render him removable due to the vacatur has no merit.

■ We lack jurisdiction to review the BIA's affirmance of the denial of a Section 212(c) waiver, which is an issue committed by statute to the discretion of the Attorney General. *See Avendano–Espejo v. Dep't of Homeland Sec.,* 448 F.3d 503, 505 (2d Cir. 2006).

■ Veiro's argument that the BIA failed to consider the equities or to weigh certain factors in his favor amounts to an argument that the BIA abused its discretion, and does not raise a question of law or constitutional claim requiring this Court's review under 8 U.S.C. § 1252(a)(2)(D). *See Avendano–Espejo,* 448 F.3d at 505–06.

We therefore DENY the petition for review and the pending motion for a stay of removal in this petition is DISMISSED as moot.