Jose MARTINEZ, also known as Chi Chi, Petitioner–Appellant,

v.

OFFICE OF CHIEF COUNSEL DE-PARTMENT OF HOMELAND SE-CURITY, Michael B. Mukasey, U.S. Attorney General,* Respondents–Appellees.

No. 07–1609–ag.

United States Court of Appeals, Second Circuit.

Oct. 2, 2008.

Victor Schurr, Pelham, NY, for Appellant.

Elizabeth Papez (Shelley R. Goad & Russell J.E. Verby, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, for Jeffrey S. Bucholtz, Acting Assistant Attorney General Civil Division, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Hon. JOHN R. GIBSON,** Circuit Judges.

## SUMMARY ORDER

Petitioner Jose Martinez, a native and citizen of the Dominican Republic, seeks review of a March 20, 2007 final order of removal issued by the Board of Immigration Appeals ("BIA"). *In re Martinez*, No. A40 015 774 (B.I.A. March 20, 2007), *aff'd in part* No. A40 015 774 (Immig. Ct. N.Y. City, June 14, 2004). The BIA sustained Martinez's appeal as to the Immigration Judge ("IJ")'s finding that he was statutorily ineligible for a waiver of inadmissibility under now-repealed section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c),[1] but dismissed his appeal as to the IJ finding that he was

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

** The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Although section 212(c) has been repealed, it nevertheless applies to Martinez because he was convicted of reckless endangerment in the first degree in New York State court prior to the repeal of this section. *See Khan v. Gonzales*, 495 F.3d 31, 33 n. 1 (2d Cir.2007) (citing *INS v. St. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)).

ineligible for a waiver as a matter of discretion. We assume the parties' familiarity with the underlying facts, procedural history, and issues raised in this petition.

We lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review purely discretionary decisions by the Attorney General, "subject to the exception set forth in 8 U.S.C. § 1252(a)(2)(D), which restores our jurisdiction to review 'constitutional claims or questions of law.'" *Khan*, 495 F.3d at 34. A decision granting or denying a waiver of inadmissibility under former section 212(c) is one of those discretionary determinations that we do not have jurisdiction to review. *See Nethagani v. Mukasey*, 532 F.3d 150, 154, n. 2 (2d Cir.2008); *Avendano–Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir.2006). Jurisdiction is not conferred upon this Court based on the ability of an alien to frame his argument as though it were a constitutional claim or question of law. *See Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir.2006) (concluding that the petitioner's "talismanic invocation of the language of 'due process'" was insufficient to provide the Court with jurisdiction to review an IJ's discretionary determination denying a waiver of inadmissibility under INA § 212(d)(11)). This Court must

> study the arguments asserted ... to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a "constitutional claim" or "question of law," in which case the court could exercise jurisdiction to review those particular issues.

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006) (footnote omitted).

We conclude that no colorable constitutional claim or question of law is raised in this petition. Martinez argues that the immigration judge deprived him of "due process" by improperly applying the "unusual and outrageous" standard when deciding whether a discretionary waiver of inadmissibility was warranted. To the extent this argument can be construed as a challenge to the IJ's and the BIA's conclusion that Martinez must demonstrate "unusual or outstanding equities" in his favor to grant a waiver of inadmissibility because his criminal conduct (i.e., a first degree reckless endangerment conviction) was particularly egregious, it is not a colorable due process argument. Indeed, in support of this contention, Martinez merely argues that the immigration judge focused his inquiry too heavily on the adverse factors impacting Martinez's application and accorded too little weight to the positive factors. We view this argument as an attempt to "quarrel[ ] over the correctness of the factual findings or justification for the discretionary choices," and thus, it fails to raise a constitutional claim or question of law, rendering the issues presented in the petition beyond the scope of this Court's jurisdiction. *Xiao Ji Chen*, 471 F.3d at 329. In any event, the record demonstrates that the IJ and the BIA articulated and applied the correct legal standard, reviewing and balancing all the positive and negative factors in Martinez's case. *See e.g., Restrepo v. McElroy*, 369 F.3d 627, 634 (2d Cir.2004) ("In evaluating a 212(c) application, an immigration judge must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf.") (internal quotation marks omitted).

Accordingly, for the reasons set forth above, the petition for review of a decision by the Board of Immigration Appeals is

DISMISSED. As we have completed our review, the pending motion for a stay of deportation in this petition is DISMISSED as moot.