11-2797
Baldi v. Holder

BIA
A012 099 608

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of August, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

BENIAMINO BALDI,
> *Petitioner,*

v.                                        11-2797
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*


_____

FOR PETITIONER:        Beniamino Baldi, *Pro Se*, Gadsden, Alabama.[*]

---

[*] Following the withdrawal of Baldi's previous counsel, Millicent Y. Clarke, replacement counsel did not file a notice of appearance within the designated 30-day period. Accordingly, Baldi proceeds *pro se*.

**FOR RESPONDENT:**          Tony West, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director; Sarah L. Vuong,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Beniamino Baldi, a native and citizen of Italy, seeks review of the June 7, 2011, order of the BIA denying his motion to reopen. *In re Beniamino Baldi*, No. A012 099 608 (B.I.A. June 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

While we generally lack jurisdiction to review a final order of removal issued against an alien, such as Baldi, who was found removable by reason of having committed an aggravated felony, we retain jurisdiction to review colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004) (recognizing that orders denying motions to reopen are treated as final orders of removal). Baldi

argues that the BIA abused its discretion in denying his motion to reopen and reconsider because he demonstrated sufficient positive equities to merit a discretionary grant of relief under former section 212(c) of the Immigration and Nationality Act.  This argument is without merit.

An applicant may file one motion to reopen within 90 days of the date on which a final administrative decision was rendered in the proceeding sought to be reopened, *see* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2), and may file a motion to reconsider within 30 days of an order, 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). There is no dispute that Baldi's May 2011 motion was untimely because the agency issued the final administrative order in January 2011.  Contrary to Baldi's assertion, there are no exceptions for the time limitation imposed on motions to reconsider, and a motion based on additional evidence to support a request for discretionary grant of 212(c) does not fall within any exception provided for motions to reopen. *See* 8 U.S.C. § 1229a(c)(6), (7)(C); 8 C.F.R. § 1003.2(b)(2), (c)(3).  Nor is there an exception for what Baldi calls "good cause" due to the delays he experienced in collecting new evidence.  *See* 8 U.S.C. § 1229a(7)(C); 8 C.F.R. § 1003.2(c)(3).  Therefore, whether construed as a motion to

3

reopen or to reconsider, the BIA did not abuse its discretion in denying Baldi's motion as untimely. *See* 8 U.S.C. § 1229a(c)(6)(B), (7)(C).

Furthermore, we lack jurisdiction to review Baldi's challenge to the agency's discretionary denial of section 212(c) relief and the BIA's discretionary denial of a request to reopen *sua sponte*, absent presentation of a constitutional claim or question of law. *See Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d 503, 505 (2d Cir. 2006); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). We also lack jurisdiction to grant Baldi's request for a writ of mandamus because a petition for review is the exclusive means to obtain review of the BIA's adverse determination. *See* 8 U.S.C. § 1252(a)(5).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4