

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# Dominique v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Dominique v. Atty Gen USA" (2008). *2008 Decisions.* Paper 803.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/803

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3265
_____

MARIE MYRLENE DOMINIQUE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A37 320 384)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2008

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: July 24, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Marie Myrlene Dominique, a native and citizen of Haiti, arrived in the United

States in 1984, when she was twelve years old.  In April 1995, Dominique pled guilty in

the United States District Court for the Middle District of North Carolina to possession of

cocaine base with intent to distribute. See 21 U.S.C. § 841(a). She was sentenced to 151 months in prison. The government later charged Dominique with deportability for having been convicted of an aggravated felony, see Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii)], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. In March 1997, an Immigration Judge ("IJ") found Dominique deportable as charged. No appeal was taken. Years later, Dominique attempted to reopen her case to apply for a waiver of removal under INA § 212(c) [8 U.S.C. § 1182(c)] (repealed 1996), a discretionary benefit that was available prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act. See INS v. St. Cyr, 533 U.S. 289, 325 (2001). Although her first attempts at reopening were unsuccessful, ultimately the United States Court of Appeals for the Second Circuit issued a stipulation and order directing that she be permitted to seek § 212(c) relief.

As a result, the IJ held a hearing, at which Dominique and several of her family members testified. Based on the evidence presented at the hearing, the IJ identified various positive and negative factors to be balanced in the exercise of discretion. The IJ's "key factual finding," according to Dominique, was that she committed the drug offense because the estranged father of her then five-year-old daughter threatened that Dominique would not see her daughter again if she did not agree to transport drugs for him. Additional positive factors included Dominique's "strong relationship" with her close

2

relatives in the United States, the fact that she had lived in the United States since she was twelve years old, the suffering she would experience if deported (due in part to her high blood pressure and the relative uselessness of her employment skills), the effort she put into earning her GED and learning vocational skills while in prison, and her good character, as evidenced by the testimony of her family members. The negative factors weighing against a waiver were the serious nature of Dominique's drug offense, the failure throughout her criminal proceedings and sentence to disclose that she knew the person who asked her to transport drugs, and the lies she told about her prior arrests at the time she was apprehended. Ultimately, the IJ concluded that, on balance, the evidence demonstrated that Dominique merited a favorable exercise of discretion.

The government filed an appeal, which the BIA sustained. The BIA noted that it had to "balance the adverse factors evidencing [Dominique's] undesirability as a permanent resident with the social and humane considerations presented in her behalf." The BIA also found that Dominique had to present "unusual or outstanding equities" because she had been convicted of a serious drug offense. See Matter of Buscemi, 19 I. & N. Dec. 628, 633 (BIA 1988) (stating that "as the negative factors grow more serious, it becomes incumbent upon the alien to introduce[] additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities"). According to the BIA, Dominique possessed "substantial favorable equities," including: the duress she was under when she committed the crime; her family ties to her United States citizen

children and siblings; her long lawful permanent residency in the United States; the remorse she expressed for her crime; the emotional hardship to her relatives if she was deported; and testimony, letters, and affidavits from family who supported her request for relief. On the other side of the scale, the BIA emphasized that Dominique's offense involved a large quantity of drugs, that she was sentenced to a "lengthy" prison term, and that her removal from the United States would not create a significant hardship for her teenage children because they had already been without her economic and emotional support during her incarceration. Furthermore, the Board noted that Dominique did not own substantial property in this country, did not serve in the armed forces, and has not been a person of significant value to the community. After balancing these factors, the BIA found that "a favorable exercise of discretion would not be in the best interest of the United States." This petition for review followed.

The government argues that we lack jurisdiction because Dominique seeks review of the discretionary denial of relief under § 212(c). The INA provides that "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under [relevant provisions of the INA] to be in the discretion of the Attorney General." INA § 242(a)(2)(B)(ii) [8 U.S.C. § 1252(a)(2)(B)(ii)]. The decision to grant or deny relief pursuant to § 212(c) is a discretionary one. See INS v. St. Cyr, 533 U.S. 289, 325 (2001). Therefore, to the extent that Dominique challenges the Board's conclusion that she does not warrant the favorable

4

exercise of discretion for relief under § 212(c), we lack jurisdiction.[1]  See

Avendano-Espejo v. Department of Homeland Security, 448 F.3d 503, 505 (2d Cir. 2006)

("We hold that an IJ's decision to grant or deny a section 212(c) waiver of removal

constitutes a discretionary decision that we lack jurisdiction to review under 8 U.S.C.

§ 1252(a)(2)(B)(ii).").

This does not end the jurisdictional inquiry, however, because the REAL ID Act of

2005 restored direct review of constitutional claims and questions of law presented in any

petition for review of a final removal order.  See INA § 242(a)(2)(D) [8 U.S.C.

§ 1252(a)(2)(D)]; Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005).  Thus, we

may consider whether the Board, in exercising its discretion, violated a rule of law or a

provision of the Constitution.  See Chen v. Dep't of Justice, 471 F.3d 315, 329 (2d Cir.

2006) (holding that a petition raises a question of law when it alleges a "fact-finding

which is flawed by an error of law" or an "abuse of discretion" that is "based on a legally

erroneous standard").  Dominique alleges that the BIA improperly reviewed the

---

[1] Dominique asserts that the BIA failed to consider the personal hardships she would face if removed and improperly weighed the hardships to her family.  While evidence of these hardships is certainly relevant to the § 212(c) analysis, see Matter of Edwards, 20 I. & N. Dec. 191, 195 (BIA 1990), Dominique's claims fall outside our jurisdiction.  See Elysee v. Gonzales, 437 F.3d 221, 223-24 (1st Cir. 2006) (finding no colorable constitutional claim or question of law where petitioner argued that IJ "complete[ly] disregard[ed]" the relevant hardships that would be faced by his children if he were removed).  In any event, we are convinced that the BIA's consideration of the equities in this case was adequate.  Cf. Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (holding that the "BIA must at least show that it has reviewed the record and grasped the movant's claims.").

5

"credibility findings and factual underpinnings" of the IJ's decision de novo, rather than for clear error, as required by 8 C.F.R. § 1003.1(d)(3)(i). Whether the BIA conformed with its own regulations presents a question of law. See Wood v. Mukasey, 516 F.3d 564, 568 (7th Cir. 2008) (holding that jurisdiction exists to review legal question of whether the BIA exceeded its appellate review authority under § 1003.1(d)); Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007) (stating that whether the BIA applied the correct legal standard is a question of law). Therefore, we have jurisdiction to review this portion of Dominique's petition.

Under the regulations, "[t]he Board will not engage in de novo review of findings of fact determined by an immigration judge," § 1003.1(d)(3)(i), and "will not engage in factfinding in the course of deciding appeals." § 1003.1(d)(3)(iv). Instead, the BIA may review the IJ's factual findings only to determine whether they are "clearly erroneous." § 1003.1(d)(3)(i). "[Q]uestions of law, discretion, and judgment and all other issues in appeals from decisions of [IJs]" may be reviewed by the Board de novo. See 8 C.F.R. § 1003.1(d)(3)(ii).

Dominique argues that the Board, without applying the clearly erroneous standard of review, "reversed" the IJ's factual conclusion that she credibly testified about the circumstances the drug offense. Importantly, however, the Board never rejected the IJ's factfinding on this issue. To the contrary, the BIA specifically recognized that Dominique "testified that she committed her crime under duress, fearing that the

6

individual who gave her the drugs would hurt her children if she refused to transport them or revealed his involvement." The BIA continued that because Dominique "must be considered guilty" of a serious drug offense, she was required to present "unusual or outstanding equities." In reaching this conclusion, the BIA cited In re Y-L-, 23 I. & N. Dec. 270 (BIA 2002), which Dominique argues "has absolutely nothing to do with the legal or factual matters of [her] case." She emphasizes that In re Y-L- involved neither crimes committed under coercion nor an application for § 212(c) relief. The BIA cited the case, however, only for the proposition that "there are few crimes more exploitative than cocaine trafficking, and fewer yet that are less conducive to the good order and happiness of the community." Notably, the BIA's analysis did not involve any factfinding and did not upset the IJ's determination that Dominique's drug offense was "a very grave, adverse factor." Rather, the Board, in re-weighing the positive and negative factors, accepted the IJ's findings regarding the nature and circumstances of Dominique's offense, and concluded that she did not warrant a favorable exercise of discretion. We conclude, therefore, that the BIA did not apply an incorrect standard of review in reversing the IJ's discretionary grant of relief under § 212(c).

For the foregoing reasons, we will dismiss that portion of Dominique's petition for review to the extent seeks to challenge the Board's conclusion that she does not warrant the favorable exercise of discretion for relief under § 212(c). We will deny the petition in

7

all other respects.[2]

---

[2] The government's motion to dismiss for lack of jurisdiction is denied in part and granted in part.

8